ARTHUR T. DAVIDSON and EZERIA W. DAVIDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davidson v. Commissioner
Docket No. 1816-74.
United States Tax Court
T.C. Memo 1977-14; 1977 Tax Ct. Memo LEXIS 427; 36 T.C.M. (CCH) 76; T.C.M. (RIA) 770014; January 24, 1977, Filed; As Amended January 27, 1977. Arthur T. Davidson, pro se. Peter W. Mettler, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1968
$5,306.21
1969
3,826.98
Of the several matters at issue in this controversy, one was severed from the rest and previously resolved by this Court in T.C. Memo. 1975-233. Thereafter, several other issues were settled. At this time, we are to decide the remaining issue of whether petitioners are entitled to claim a deduction for a foreclosure loss in 1968. FINDINGS OF FACT Petitioners are husband and wife who filed joint Federal income tax returns for the years in issue with the District Director of Internal Revenue, Andover, Massachusetts. *428 They resided in New Rochelle, New York, when their petition was filed with this Court. Petitioners acquired land and commenced construction of an apartment building on the land in 1960. The total cost of the land and construction amounted to $206,700. The property was subject to four separate mortgages totalling $166,653. The principal mortgagee was the Hartford Federal Savings and Loan Association (hereinafter Hartford Federal or the lender) whose mortgage amounted to some $146,000. In May 1965 Hartford Federal began proceedings in foreclosure of the mortgage on the property in the Superior Court of Hartford County, Connecticut. In June 1965 that court entered a judgment of strict foreclosure and ordered the appointment of a receiver for rents. In March 1966, in response to a motion by Hartford Federal, the court reopened the proceedings to establish the dates of redemption. In June 1966 petitioners' motion to extend the final date of redemption was denied and petitioners immediately thereafter appealed to the Supreme Court of Errors for the State of Connecticut. In July 1966 the Superior Court granted absolute title in the property in Hartford Federal, subject to *429 petitioners' appeal to the Supreme Court. Subsequently, the judgment was modified by the Supreme Court in October 1966 and a final date of redemption set. On November 18, 1966, Hartford Federal was granted absolute title in the property. The property was later sold in September 1968 to the Greater Hartford Housing Development Fund, Inc. On their Federal income tax return for 1967, petitioners were allowed a foreclosure loss deduction of $42,446.09. On their 1968 return petitioners claimed an additional foreclosure loss deduction of $29,093.87. [1]
OPINION In 1966 the Hartford Federal Savings and Loan Association instituted foreclosure proceedings on property owned by petitioners on which it held a mortgage. These proceedings culminated in Hartford Federal's acquisition of absolute title in the property. Petitioners contend that their basis in the property in question was substantially higher than that which respondent has allowed.They further argue that they should be allowed the deduction in 1968. Upon examination, we find each of these contentions to be totally without *430 merit. In an effort to document their claim of an increased basis in the foreclosed property, petitioners have introduced into evidence a mortgage deed in the amount of $19,000. The submitted document, however, makes reference only to a lien encumbering petitioners' residence at 810 Prospect Avenue, Hartford, Connecticut. Nowhere does the document mention the apartment property which was the subject of foreclosure. In view of the fact that, on its face, the mortgage applies only to the residential property, and not the property which was the subject of foreclosure, we must sustain respondent's determination in regard to petitioners' basis in the property. With respect to the year of the deduction, petitioners maintain that they are entitled to deduct the loss in 1968, because that is the year in which the foreclosed property was finally sold by the lender. By 1968, however, all of petitioners' interest in the property had long been extinguished by virtue of the 1966 foreclosure proceedings in the Connecticut courts. These proceedings, having resulted in the lender's procurement of absolute title in the property, constituted a closed and completed transaction with respect *431 to petitioners. Hence, any resulting loss was necessarily incurred in a year prior to 1968; the lender's subsequent disposition of the property in that year is, therefore, of no consequence. Sec. 1.165-1(d), Income Tax Regs.
Accordingly, we hold that petitioners may not claim a foreclosure deduction in 1968. Decision will be entered for the respondent.* Footnotes
1. The amount claimed was increased in an amendment to the original petition filed herein.↩